**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ARTYOM AYUPOV,<br><br>individually and on behalf of<br>all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>1 MD EXPRESS, INC. and<br>VICTOR SONTU,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. ________________ |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

## I. INTRODUCTION

1. This is an action brought on behalf of current and former delivery drivers challenging Defendant 1MD Express, Inc.'s ("1MD") unlawful practice of misclassifying its drivers as independent contractors.

2. Plaintiff Artyom Ayupov ("Plaintiff") challenges 1MD's unlawful practice of making deductions from delivery drivers' wages and requiring them to bear expenses which should have been properly borne by 1MD. Plaintiff also contends that, as a result of 1MD's policies and practices, there were several weeks, including his first three weeks of work for 1MD, in which he and other delivery drivers did not receive any compensation, in violation of Illinois and federal minimum wage law. Plaintiff contends that, although he and other delivery drivers were classified by 1MD as independent contractors, they were, in fact, employees of 1MD. Plaintiff also contends that Defendant Victor Sontu is individually liable by virtue of his role within 1MD, creating and overseeing 1MD's unlawful classification and compensation

practices.

3. Plaintiff brings this case as a class action under Fed. R. Civ. P. 23 on behalf of all current and former delivery drivers who have contracted with 1MD to provide delivery services between January 2016 and the present. Plaintiff alleges that, as a result of 1MD's policies, illegal deductions were made from his and other delivery drivers' wages in violation of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 Ill. Comp. Stat. 115/9. Plaintiff also alleges that 1MD unlawfully required him and others similarly situated to incur expenses that should have properly been borne by 1MD in violation of 820 Ill. Comp. Stat. 115/9.5, and that and that 1MD failed to pay him and other delivery drivers wages owed in violation of 820 Ill. Comp. Stat. 115/4.

4. Plaintiff also bring this case as a class action under Fed. R. Civ. P. 23 on behalf of all current and former delivery drivers who have provided delivery services for 1MD between January 2023 and the present. Plaintiff alleges that, as a result of 1MD' policies, and the deductions made from Plaintiff's and other delivery drivers' pay, they were not paid minimum wage for all hours worked in violation of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/4.

5. Plaintiff also brings this case as a collective action under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), on behalf of all current and former delivery drivers who have provided delivery services for 1MD between January 2023 and the present. Plaintiff alleges that it was 1MD's policy and practice not to pay drivers for their final weeks of work. Accordingly, Plaintiff and other delivery drivers were not paid minimum wage in some weeks worked, in violation of the Fair Labor Standards Act, 29 U.S.C. § 206.

## II. THE PARTIES

6. Plaintiff Artyom Ayupov is an adult resident of Hardy, Virginia. P l a i n t i f f

Ayupov worked for 1MD as a truck driver, making deliveries in Illinois and other states between approximately August 2025 and December 2025. During this time, Plaintiff Ayupov was classified as an independent contractor.

7. Defendant 1MD is an Illinois corporation headquartered in Aurora, Illinois. It does business in Illinois and is registered with the Illinois Secretary of State.

8. Defendant 1MD's Instagram page describes 1MD as "[a] company that offers car transporting services" and "provide[s] door-to-door auto transport in a timely, smooth and safe manner."[1]

9. Defendant Victor Sontu is an Illinois resident and is the President and Secretary of 1MD. In his role, Victor Sontu possesses and exercises the authority to make or participate in decisions concerning drivers' compensation; implement and enforce rules affecting the material terms of drivers' work, employment, and compensation; hire drivers, supervise their work, and impose discipline on them.

## III. JURISDICTION AND VENUE

10. The Court has personal jurisdiction over Plaintiff and the class and collective he seeks to represent because they worked in the State of Illinois for Illinois employers and/or are citizens of the state of Illinois.

11. The Court has personal jurisdiction over Defendants because Defendants reside in Illinois, do business in the State of Illinois, and their conduct in the State of Illinois underlies all claims in this suit.

12. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §216(b).

13. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant

[1] https://www.instagram.com/1md_express.inc/ (last visited December 29, 2025).

28 U.S.C. § 1367(a), because these claims are so related to the federal claims that they form part of the same case and controversy.

14. Venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b), as the events giving rise to this lawsuit occurred in this District.

## IV. STATEMENT OF FACTS

15. Plaintiff was hired by 1MD to perform deliveries in Illinois and across the United States.

16. Plaintiff was required to sign an independent contractor agreement with 1MD.

17. Plaintiff drove a truck and trailer which were owned by 1MD, and which had 1MD insignia on them.

18. Plaintiff worked for 1MD full time, routinely working up to 70 hours a week. Plaintiff did not work anywhere else while working for 1MD.

19. Plaintiff and other delivery drivers were required to regularly check in with 1MD dispatchers to take their instructions as to which loads to haul, where and when to pick up and drop off these loads.

20. Plaintiff and other delivery drivers were also required to comply with 1MD's time constraints for deliveries and other instructions and were required to regularly report to 1MD staff and 1MD's office in Illinois.

21. Plaintiff and other delivery drivers were paid a set amount, based on a percentage of the freight and determined by 1MD, for the deliveries they made.

22. Throughout the course of Plaintiff's employment, 1MD made deductions from his pay for items including escrow account, ELD, and repairs, among others, which often came to hundreds of dollars per week. Plaintiff did not authorize these deductions.

23. Finally, Plaintiff and other drivers were not paid for all their weeks of work, despite

working up to 70 hours a week for 1MD. Specifically, Plaintiff Ayupov did not receive any compensation for his first three weeks of work for 1MD.

24. Although 1MD classified Plaintiff and other delivery drivers as independent contractors, the behavior and financial control manifested over the drivers by 1MD demonstrates that they were employees of 1MD.

25. Plaintiff and other delivery drivers were required to pick up trucks and trailers from 1MD's yard in Illinois.

26. Plaintiff and other delivery drivers were hired by 1MD in Illinois at 1MD's office, were required to pick up and deliver freight for 1MD in Illinois, and received directions regarding their deliveries from 1MD's dispatchers and management team in Illinois.

27. 1MD controlled every aspect of their drivers', including Plaintiff's, work. Such control included, but was not limited to the following:

A. 1MD required Plaintiff and other similarly situated drivers to comply with instructions dictated by written and unwritten policies, procedures, and directives regarding Plaintiff's and other similarly situated drivers' duties.

B. Plaintiff and other delivery drivers were required to report to 1MD's facilities regularly. For example, Plaintiff and other drivers were required to come to 1MD's office and yard to pick up and drop off trucks and trailers, and complete onboarding paperwork.

C. The trucks and trailers Plaintiff and class members drove bore 1MD insignia and markings, and were registered under 1MD's DOT number.

D. Plaintiff, as well as other similarly situated drivers, were required to report to or contact dispatchers employed by 1MD to receive delivery assignments, to report when they picked up and reopped off loads, and to report any issues

with their assigned deliveries.

E. 1MD instructed Plaintiff and other similarly situated drivers which loads to pick up, the location of the loads/goods to be delivered, as well as the time frames for loading and unloading. Additionally, 1MD dictated the time by which each delivery must be made. 1MD's dispatchers and supervisors also communicated with Plaintiff and similarly situated drivers while they were driving via telephone in order to convey instructions and otherwise oversee the drivers.

F. Plaintiff and other similarly situated drivers had GPS devices on their vehicles, which allowed 1MD to track the drivers throughout the day.

G. 1MD subjected drivers, including Plaintiff, to a variety of deductions, including, but not limited to, deductions for an escrow account, ELD, and repairs.

H. If Plaintiff or other similarly situated drivers wished to take time off, they were required to give timely advance notice to 1MD.

28. Plaintiff and other delivery drivers performed work which is in the usual course of business of 1MD — *i.e.* they were truck drivers who performed delivery services and 1MD is engaged in business of providing trucking delivery services to their customers.

29. 1MD required Plaintiff and putative class members to submit all bills of lading, logbooks, and other required paperwork to 1MD's office in Illinois.

30. At no time during their employment were Plaintiff and other similarly situated drivers allowed to have their own customers nor did they ever have their own customers. Further, they could not choose and did not choose their own routes for delivery of cargo, could not and did not receive compensation or otherwise exchanged payment for their delivery other than being

compensated by 1MD and could not and did not negotiate any matters or bargains with any customers or brokers.

31. Plaintiff and other similarly situated truck drivers shared similar job titles, followed the same policies and practices, performed similar duties, and as a result of 1MD's common scheme of misclassification, application of unlawful deductions, and failure to pay drivers for their initial weeks of work, were similarly denied compensation in violation of federal and state law.

## V. CLASS ALLEGATIONS

32. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23(b)(3) for the following IWCPA Class (Counts I-III):

> all persons who contracted to provide trucking delivery services for 1MD as delivery drivers in Illinois, and who personally provided trucking delivery services to 1MD, who have either been classified as independent contractors or have not been paid or treated as employees between January 2016 and the present.

33. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23(b)(3) for the following IMWL Class (Count IV):

> all persons who contracted to provide trucking delivery services for 1MD as delivery drivers in Illinois, and who personally provided trucking delivery services to 1MD, who have either been classified as independent contractors or have not been paid or treated as employees between January 2023 and the present.

34. The members of each class are so numerous that joinder of all members is impracticable. Plaintiffs believe that each class exceeds forty (40) members.

35. Common issues of law and fact predominate the claims of the class. Specifically, all claims are predicated on a finding that 1MD misclassified its drivers as independent contractors when they were in fact employees. In short, the claims of the named Plaintiffs are identical to the claims of the class members.

36. The named Plaintiff is an adequate representative of the classes because all class members were subject to 1MD's uniform practices and policies. Further, Plaintiff and the potential class members have suffered the same type of economic damages as a result of 1MD's practices and policies.

37. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff's counsel is competent and experienced in litigating large wage and hour class and collective actions.

38. Finally, a class action is the only realistic method available for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation makes it impractical for members of the class to seek redress individually for the wrongful conduct alleged herein. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court and create the risk of inconsistent rulings which would be contrary to the interest of justice and equity.

## VI. COLLECTIVE ALLEGATIONS

39. Plaintiff's FLSA claims (Count V) should proceed as a collective action on behalf of all similarly situated individuals who worked as delivery drivers for 1MD during the past three years who may choose to opt-in to this case.

40. All potential opt-in Plaintiffs worked pursuant to the common misclassification scheme described above under which 1MD did not pay drivers the minimum wage in all workweeks, and therefore they are "similarly situated" as that term is defined in 29 U.S.C. § 216(b).

**Count I**
**Illinois Wage Payment and Collection Act - Deductions**

41. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint as if fully rewritten herein.

42. At all relevant times, Plaintiff and members of the proposed class were "employees" of Defendants as defined by the IWPCA.

43. At all relevant times, Defendants were employers of Plaintiff and proposed class members as defined by the IWPCA.

44. The IWPCA, 820 Ill. Comp. Stat. 115/9, prohibits employers from making unauthorized deductions from employees' wages.

45. 1MD violated the IWPCA, 820 Ill. Comp. Stat. 115/9, by making unlawful deductions from Plaintiff's and class members' wages.

46. Victor Sontu violated the IWPCA, 820 Ill. Comp. Stat. 115/9, by permitting and directing 1MD to make unlawful deductions from Plaintiff's and the proposed class members' wages.

47. Plaintiff seeks reimbursement for all unlawful deductions taken by 1MD from his and class members' pay.

**Count II**
**Illinois Wage Payment and Collection Act – Expenses**
**(in the alternative to Count I)**

48. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint as if fully rewritten herein.

49. At all relevant times, Plaintiff and the proposed class members were "employees" of Defendants as defined by the IWPCA.

50. At all relevant times, Defendants were employers of Plaintiff and the proposed class as defined by the IWPCA.

51. 1MD violated Section 115/9.5 of the IWPCA by failing to reimburse Plaintiff and other class members who worked for them since January 1, 2019 for expenditures they incurred related to services performed for the Defendants from January 1, 2019 to the present.

52. Victor Sontu violated the IWPCA, 820 Ill. Comp. Stat. 115/9.5, by permitting drivers to incur expenses related to their work for 1MD that should have been borne by Defendants.

53. Plaintiff seeks reimbursement for all unlawful expenses he and the proposed class members were forced to incur as part of their work for Defendants.

**Count III**
**Illinois Wage Payment and Collection Act – Failure to Pay Wages**

54. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint as if fully rewritten herein.

55. At all relevant times, Plaintiff and the proposed class members were "employees" of Defendants as defined by the IWPCA.

56. At all relevant times, Defendants were employers of Plaintiff and the proposed class as defined by the IWPCA.

57. 1MD violated the IWPCA, 820 ILCS 115/4, by failing to pay Plaintiff and other delivery drivers compensation for their initial weeks of work.

58. Plaintiff seeks compensation for wages owed to him and other delivery drivers by 1MD.

**Count IV**
**Illinois Minimum Wage Law – Minimum Wage**

59. All previous paragraphs are incorporated as though fully set forth herein.

60. Pursuant to 820 ILCS 105/4a, an employer is required to pay his employees a minimum wage for all hours worked.

61. During all relevant times, 1MD was an employer within the meaning of the Illinois Minimum Wage Law, 820 ILCS 105/3.

62. During all relevant times, Plaintiff and class members were covered employees within the meaning of the Illinois Minimum Wage Law, 820 ILCS 105/3.

63. 1MD failed pay Plaintiff and the class members minimum wage for all hours worked, particularly in their initial weeks of work, as required by 820 ILCS 105/4a.

64. Pursuant to 820 ILCS 105/12, 1MD is liable to Plaintiff and the class members for their unpaid minimum wage compensation, attorneys' fees, costs, and damages of 5% of the amount of any such underpayments for each month following the date of payment during which the wages remain unpaid.

**Count V**
**Fair Labor Standards Act - Minimum Wage**

65. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint as if fully rewritten herein.

66. 1MD regularly failed to pay Plaintiff and the members of the putative FLSA collective the statutory minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

67. Under the FLSA, 29 U.S.C. § 206, Defendants were required to pay Plaintiff and the members of the putative collective minimum wage for all hours worked.

68. However, due to 1MD's routine failure to compensate Plaintiff and other delivery drivers for their initial weeks of work, the wages of Plaintiff and the members of the FLSA Collective fell below minimum wage in a number of the weeks in which they worked for 1MD.

69. Defendants' conduct was willful and intentional, in that Defendants knew,

required, approved and/or suffered or permitted Plaintiff and members of the FLSA collective to work hours for which they were not paid at the federal minimum wage.

70. This claim is brought on behalf of a group of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. §216(b).

**Prayer for Relief**

WHEREFORE, Plaintiff requests that the Court enter the following relief:

1. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23(b)(3);
2. Appointing Plaintiff as a class representative and his counsel as class counsel;
3. An order enjoining Defendants from violating the IWPCA, the IMWL, and the FLSA;
4. Restitution for all deductions taken from Plaintiff's and class members' wages;
5. Restitution for all 1MD's operating expenses that Plaintiff and class members were forced to bear;
6. Prejudgment interest and statutory damages;
7. Certification of this case as a collective action pursuant to 29 U.S.C. § 216(b);
8. Payment of all wages due to Plaintiff and members of the collective;
9. Liquidated damages under the FLSA;
10. Attorney's fees and costs;
11. Any other relief to which Plaintiff and the Class and Collective members may be entitled.

DATED: January 7, 2026

Respectfully Submitted,

ARTYOM AYUPOV,
individually and on behalf of
all others similarly situated,

By his attorneys,

/s/ Bradley Manewith

Bradley Manewith, IARDC # 6280535
Lichten & Liss-Riordan, P.C.
5 Revere Drive, Suite 200
Northbrook, IL 60062
Tel. (617) 994-5800
Fax (617) 994-5801
bmanewith@llrlaw.com

Harold Lichten (*pro hac vice anticipated*)
Olena Savytska (*pro hac vice anticipated*)
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Ste. 2000
Boston, MA 02116
Tel. (617) 994-5800
Fax (617) 994-5801
hlichten@llrlaw.com
osavytska@llrlaw.com